UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TWO PALMS SOFTWARE, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:10-CV-1045 (CEJ) ) |
| WORLDWIDE FREIGHT MANAGEMENT, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions to dismiss filed by the defendants. Plaintiffs oppose the motions, and the issues have been fully briefed.

**I. Background**

In 2001, plaintiffs developed and designed "Management Software," a computer software system used primarily for freight and storage management businesses. From 2001 to 2004, plaintiffs entered into agreements with the defendants, allowing them to use Management Software in exchange for paying subscription and enhancement fees. In February 2007, plaintiffs discovered that the defendants had copied and made modifications to Management Software without plaintiffs' authorization. Plaintiffs also claim that the defendants made unauthorized security changes to the software program and that they sold a modified version of Management Software to a third-party. On August 6, 2010, plaintiffs filed a ten-count amended complaint against the defendants, alleging copyright infringement, pursuant to 17 U.S.C. § 101, and various

state law claims.[1] Plaintiffs seek actual damages, punitive damages, and a preliminary injunction, enjoining the defendants from further alterations, modifications, or use of Management Software.

In their first motion, defendants seek dismissal of plaintiffs' copyright infringement claim as time-barred under the three-year statute of limitations. In the second motion, defendants seek dismissal of Counts III, IV, V, VI, and X as preempted by the Copyright Act.

II. **Legal Standard**

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp.v. Twombly, 550 U.S. 544 (2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in

---

[1]In addition to copyright infringement, plaintiffs also raise claims of breach of fiduciary duty (Count II), conversion (Count III), civil conspiracy (Count IV), tortious interference (Count V), unjust enrichment (Count VI), breach of contract (Count VII), and violations of the Missouri Uniform Trade Secrets Act, Mo.Rev.Stat. § 537.525 (Count IX), and the Missouri Computer Tampering Act, Mo.Rev.Stat. § 417.450, *et seq.*(Count X).

Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 1965.

III. Discussion

A. Statute of Limitations

The defendants contend that plaintiff Stuart Tomlinson's copyright claim is time-barred. The Copyright Act provides that "no civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim is accrued." 17 U.S.C. § 507(b). A cause of action accrues when the plaintiff has knowledge of a infringement or is chargeable with such knowledge. Roley v. New World Pictures, 19 F.3d 479, 481 (9th Cir. 1994). Because each act of infringement is a distinct harm, the statute of limitations bars infringement claims that accrued more than three years before suit was filed, but does not preclude infringement claims that accrued within the statutory period. Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 621 (6th Cir. 2004).

Here, plaintiffs discovered the alleged infringements in February 2007 and filed their copyright action on June 8, 2010, more than three years after the claim accrued. Pls'. Am. Comp. ¶ 45. Plaintiff Tomlinson's copyright action, however, is not time-barred as claimed by the defendants. The amended complaint alleges that the defendants continued to engage in copyright infringements after February 2007. Pls.' Am. Comp. ¶ 125. In a case of continuing infringements, "an action may be brought for all acts that accrued within the three years preceding the filing of the lawsuit." Roley, 19 F.3d at 481. Because plaintiffs' allegations indicate that infringements continued after February 2007, their copyright claim falls within the three-year

statutory period. Defendants argue that plaintiffs' complaint fails to allege any particular facts supporting their allegation of continuing infringements. However, the Court finds that the plaintiffs do not need to plead such facts to survive a motion to dismiss. See Goldberg v. Cameron, 482 F. Supp.2d 1136, 1149 (N.D. Cal. 2007)("because the complaint does not identify the date on which the [plaintiff] discovered these acts of continuing infringement, it cannot be concluded that [plaintiff's] claim is time barred in its entirety").

The defendants' first motion to dismiss will be denied.

B. Preemption

Defendants next argue that plaintiffs' state law claims are preempted by the Copyright Act. Plaintiffs assert claims of conversion Count III, civil conspiracy in Count IV, tortious interference in Count V, unjust enrichment in Count VI, and violation of the Missouri Computer Tampering Act (Mo.Rev.Stat. § 417.450, *et seq*.) in Count X. Defendants contend that all of these claims are derivative of plaintiffs' copyright infringement claim and are therefore preempted by the Copyright Act.

The Copyright Act provides the exclusive source of protection for all legal and equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright. National Car Rental System, Inc. v. Computer Associates Intern.,Inc., 991 F.2d 426, 428 (8th Cir. 1993). The preemption provision is found in Section 301(a) of the Copyright Act, which states in part:

> [A]ll legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright…are governed exclusively by this title. Thereafter, no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a).

"A state cause of action is preempted if: (1) the work at issue is within the subject matter of copyright as defined in §§ 102 and 103 of the Copyright Act, and (2) the state law created right is equivalent to any of the exclusive rights within the general scope of copyright as specified in § 106." National Car Rental System, Inc., v. Computer Associates International, 991 F.2d 436, 428 (8th Cir. 1992).

The parties appear to agree that the Management Software is within the subject matter of copyright---satisfying the first part of the two-part analysis. The issue becomes whether the rights at issue in the state law claims are "equivalent" to the exclusive rights outlined in the Copyright Act. In determining whether the rights at issue are equivalent, the Court must consider whether "there is an 'extra element' that changes the nature of the state law action so that it is *qualitatively* different from a copyright infringement claim." Huckshold v. HSSL, L.L.C., 344 F.Supp.2d 1203, 1206 (E.D. Mo. 2004)(emphasis in original). "The existence of an extra element precludes preemption only where the element changes the nature, rather than the scope, of the action." Stromback v. New Line Cinema, 384 F.3d 283, 301 (6th Cir. 2004).

1. Conversion

To establish a conversion claim, a plaintiff must show either (1) a tortious taking, (2) a use or appropriation by the defendant indicating a claim of right in opposition to the rights of the owner, or (3) a defendant's refusal to give up possession to an owner upon demand, even though the defendant's original possession of the property was proper. Amond v. Ron York & Sons Towing, 302 S.W.3d 708, 712 (Mo. Ct. App. 2009).

"[T]o some degree, [conversion claims] involve an extra element beyond unauthorized copying since they require a plaintiff to prove that the defendant wrongfully obtained possession over a specific piece of property." Firoozye v. Earthlink Network, 153 F. Supp. 2d 1115, 1130 (N.D. Cal. 2001). However, courts have held that conversion claims are preempted when a plaintiff is seeking damages from the reproduction of a work, rather than the return of a physical piece of property. See Firoozye, 153 F. Supp.2d at 1130; Richdale Development Co. v. McNeil Co.,508 N.W.2d 853 (Neb. 1993)(holding that conversion claims arising from the reproduction, distribution, performance, or display of tangible property are considered equivalent to a copyright claim and preempted by the Copyright Act).

Here, plaintiffs are not seeking the return of a tangible piece of property. Instead, plaintiffs are seeking damages for the wrongful reproduction and unauthorized use of Management Software, which is the essence of a copyright claim. Therefore, plaintiffs' conversion claim is preempted by the Copyright Act.

### 2. Conspiracy to Convert Plaintiffs' Property

A claim of civil conspiracy requires proof of: (1) two or more persons; (2) an unlawful objective; (3) a meeting of the minds; (4) the commission of at least one act in furtherance of the conspiracy; and (5) damages. Oak Bluff Partners, Inc. v. Meyer, 3 S.W.3d 777, 781 (Mo. banc 1999).

Plaintiffs argue that the third element, a meeting of minds, provides an "extra element," which is altogether qualitatively different from a copyright infringement claim. While plaintiffs are correct that this constitutes an extra element beyond that required to prove copyright infringement, the Court disagrees that it qualitatively changes the nature of the claim. "Because copyright law already recognizes the

concepts of contributory infringement and vicarious copyright infringement concepts, which extend joint and several liability to those who participate in the copyright infringement, a civil conspiracy claim does not add substantively to the underlying federal copyright claim and should therefore be preempted." Irwin v. ZDF Enterprises GmbH, 2006 WL 374960 at *4 (S.D. N.Y. 2006)(internal citations omitted). Simply put, plaintiff's civil conspiracy claim "does not establish conduct that is qualitatively different from a copyright infringement claim because the copyright law already covers such conduct." Tegg Corp. v. Beckstrom Electric Co., 650 F.Supp.2d 413, 427 (W.D. Pa. 2008).

While the majority of courts that have considered this issue have held that civil conspiracy claims are preempted under the Copyright Act, some courts have held that the "agreement element" of a civil conspiracy claim is sufficient to preclude preemption. Most of these cases are distinguishable from the instant case in that they presented "factual scenarios wherein the alleged conspiracy involves a conspiracy to commit an underlying tort or wrong other than copyright infringement, such as fraud." Tegg Corp., 650 F.Supp.2d at 425 (discussing cases); see Pick v. Pikoff, 2004 WL 2997480 (N.D. Tex. 2004)(complaint alleged plaintiff was fraudulently induced into signing contract). Other courts that have concluded that the extra element of agreement was, in and of itself, sufficient to avoid preemption have done so without any analysis of whether that extra element qualitatively changed the claim. See e.g., Rally Concepts, LLC v. Republican National Committee, 2006 WL 2505307 (E.D. Tex. 2006)(summarily concluding that, because civil conspiracy claim contained extra element, claim was not preempted by Copyright Act). None of the cases convinces the Court that plaintiffs' civil conspiracy claim contains an "extra element" that changes the

nature of the claim such that it is qualitatively different from a copyright infringement claim. Instead, the Court agrees with the majority of cases that have found such claims to be preempted by the Copyright Act. Count IV will therefore be dismissed.

### 3. Tortious Interference with Business Expectancy

To establish a claim of tortious interference under Missouri law, a plaintiff must prove: (1) a valid business expectancy; (2) defendant's knowledge of the relationship; (3) a breach induced or caused by defendant's intentional interference; (4) absence of justification; and (5) damages. See Stehno v. Sprint Spectrum, L.P., 186 S.W.3d 247, 250 (Mo. banc 2006).

Plaintiffs contend that their tortious interference claim is not preempted because it is based on allegations that defendant David J. Barton caused a third-party to breach its contract with the plaintiffs. Indeed, a claim is not preempted by the Copyright Act when it is based on allegations that the defendant induced a third party to breach a contract with the plaintiff. See Do It Best Corp. v Passport Software, Inc., 2004 WL 1660814 at *19 (N.D. Ill. 2005). However, a tortious interference claim is preempted when it is based on the creation of infringing copyright material. Id. Here, plaintiffs' claim is not based upon allegations that the defendants caused a third-party to breach its contract with the plaintiffs. Rather, it is based on the unauthorized use and modification of Management Software. In its amended complaint, plaintiffs allege that:

> "defendants' conversion, alteration, misappropriation and use of the Management Software have interfered with Plaintiffs' business expectancy in that Defendants' conduct and actions have interfered with plaintiffs' exclusive right to use, modify, and direct the Management Software's distribution."

Pls'. Am. Comp. ¶ 92. The nature of these allegations is not qualitatively different from that of a copyright infringement action. Count V will be dismissed.

### 4. Unjust Enrichment

A claim of unjust enrichment under Missouri law requires proof that: (1) the defendant was enriched by the receipt of a benefit, (2) the enrichment was at the expense of the plaintiff, and (3) it would be unjust to allow the defendant to retain the benefit. Beeler v. Martin, 306 S.W.3d 108, 112 (Mo. App. 2010).

Unjust enrichment claims may be preempted by the Copyright Act. See American Movie Classics Co, v. Tuner Entertainment Co., 922 F. Supp. 926, 934 (S.D. N.Y. 1996)(holding that an allegation of enrichment is not sufficient to make an unjust enrichment claim qualitatively different from a copyright infringement claim). As with other state law claims, unjust enrichment claims are deemed preempted when they are based on allegations that the defendant violated § 106 of the Copyright Act. National Car Rental, 991 F.2d. at 435.

Plaintiffs argue that their enrichment claim is different from their copyright claim because it is based on a breach of contract claim. An unjust enrichment claim that is heavily based on a breach of contract claim is not preempted, as contract claims are qualitatively different from copyright claims. Id.

Although the plaintiffs assert claims of breach of contract, the gist of their unjust enrichment claim is the defendants' unauthorized use of the Management Software. Indeed, plaintiffs allege that "defendants were unjustly enriched by their unauthorized use of the Management Software." Pls'. Am. Comp. ¶ 103. Accordingly, Count VI is preempted and will be dismissed.

### 5. Missouri Computer Tampering Act

In Count X, plaintiffs allege that the defendants violated the Missouri Computer Tampering Act (MCTA) which creates a civil remedy for the unauthorized modification

or destruction of computer data and programs. Plaintiffs allege that defendants violated the Act by making security changes to the software in order to deny access to authorized users. Establishing this claim will require the plaintiffs to show an extra element that is qualitatively different from their copyright claims. As such, the MCTA claim is not covered or within the subject matter of the Copyright Act. The motion to dismiss will be denied as to Count X.

Accordingly,

**IT IS HEREBY ORDERED** that the defendants' motion to dismiss [Doc. #49] is **denied**.

**IT IS FURTHER ORDERED** that defendants' motion to dismiss [Doc. #71] is **granted** as to Counts III, IV, V, and VI, and **denied** as to Count X.

Dated this 18th day of February, 2011.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE