UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TWO PALMS SOFTWARE, INC., et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )  No. 4:10-CV-1045 (CEJ)<br>) |
| WORLDWIDE FREIGHT MANAGEMENT, LLC, et al., | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion to strike the punitive damages claim in Count X of the complaint. Plaintiffs oppose the motion and the issues have been fully briefed.

In 2001, plaintiffs designed and developed "Management Software," a computer software system used for freight and storage operations. On August 6, 2010, plaintiffs filed a ten-count amended complaint, alleging that the defendants copied, modified, and sold Management Software, in violation of the Copyright Act and various state laws. In Count X, plaintiffs allege that the defendants violated the Missouri Computer Tampering Act, by modifying and making security changes to the software without plaintiffs' authorization.[1] Plaintiffs also claim that the defendants acted with evil and reckless indifference to the plaintiffs' rights in Management Software. Plaintiffs seek punitive damages in the total amount of $4,000,000.00. Defendants move to strike punitive damages from Count X, claiming that such damages are not recoverable under the Act.

---

[1]The Missouri Computer Tampering Act imposes liability for tampering with computer data, computer equipment, and computer users. See Mo. Rev. Stat. § 569.095; 569.097; 569.099.

Both parties agree that the Missouri Computer Tampering Act does not explicitly provide for punitive damages.  See Mo. Rev. Stat. § 537.525.  Therefore, to determine whether punitive damages are implicitly available under the statute, the Court must consider (1) whether punitive damages are recoverable under the common law for the conduct which plaintiff complains, and (2) whether the statute is merely cumulative of the common law.  Tom Pappas Toyota, Inc v. Toyota Motor Distributors, Inc., 729 F. Supp. 71, 72 (E.D. Mo. 1990)(citing Ridings v. Thoele, 739 S.W.2d 547, 549 (Mo. 1987)).  In cases involving a breach of good faith and fair dealing, a plaintiff is only entitled to punitive damages if its complaint alleges sufficient facts to state a claim for an independent and willful tort.  Tom Pappas, 729 F.Supp. at 72.

Here, plaintiffs claim that they are entitled to punitive damages because their complaint sufficiently states a claim for an independent and willful tort.  Specifically, plaintiffs argue that Count X sufficiently states a claim for tortious interference, conversion, and breach of fiduciary duty.  Plaintiffs, however, assert and seek punitive damages for these common law claims in Counts II, III, and V of the complaint. Plaintiffs appear to contend that Count X is merely a restatement of the common law claims already asserted in the complaint.  If so, they are not entitled to recover punitive damages under identical claims in a complaint.  In other words, the plaintiffs cannot recover punitive damages for a conversion claim established in Count III and then seek to recover punitive damages under a conversion claim established in Count X.  To hold otherwise, would give the plaintiffs the opportunity to recover punitive damages multiple times under the same legal theory.

Because the Missouri Computer Tampering Act does not provide for punitive damages and plaintiffs have not alleged an independent and willful tort under which

they are entitled to recover punitive damages, the punitive damages provision in Count X will be stricken.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion to strike the punitive damages claim in Count X of the first amended complaint [Doc. #51] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of March, 2011.