UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TWO PALMS SOFTWARE, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) No. 4:10-CV-1045 (CEJ) ) |
| WORLDWIDE FREIGHT MANAGEMENT, LLC, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to dismiss defendant David Barton's counterclaim, pursuant to Fed. R. Civ. P. 12(b)(6). Barton opposes the motion and the issues have been fully briefed.

**I. Background**

In 2001, plaintiff Stuart Tomlinson entered into an oral agreement with Barton to design and develop Management Software, a computer software program. At the time of the agreement, Barton was starting a new company and wanted to use Management Software for the company's freight and storage management operations. In 2002, the defendants, including Barton, began using Management Software in exchange for paying subscription and enhancement fees. In February 2007, the plaintiffs discovered that the defendants had copied and modified Management Software without authorization. On August 6, 2010, plaintiffs filed a ten-count amended complaint, asserting copyright infringement and various state law claims. Prior to filing the complaint, Tomlinson obtained a copyright registration for Management Software and listed himself as the author.

On August 20, 2010, Barton filed an amended counterclaim against Tomlinson, alleging that he jointly created Management Software and that he was wrongfully excluded as co-author in the software's copyright registration. Barton seeks a declaration that he is co-author of Management Software and an order compelling Tomlinson either to withdraw his copyright in Management Software or to file an amended copyright application identifying Barton as a co-author of Management Software. Plaintiffs move to dismiss Barton's counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiffs argue that the counterclaim fails to allege sufficient facts to support his claim as co-author of Management Software.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp.v. Twombly, 550 U.S. 544 (2007) citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 127 S. Ct. at 1974. See also id. at 1969 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957) , "has earned its retirement.") .

III. Discussion

The Copyright Act provides that a "copyright in a work…vests initially in the *author or authors* of a work." 17 U.S.C. §201(a). A joint work is defined as a "work prepared by two or more with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101. In a joint work, the joint author has the right to use, distribute, reproduce, or modify the work. See 17 U.S.C. §201(a). "[A] person who merely describes to an author what the commissioned works should do or look like is not an joint author for purposes of the Copyright Act." S.O.S. Inc., v. Payday Inc, 886 F.2d 1081, 1086 (9th Cir. 1989). Rather, to be an author, one must supply more than mere direction or ideas: one must "translate an idea into a fixed, tangible expression entitled to copyright protection." Id. (citing Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989). A work is "fixed" in a tangible medium of expression when its embodiment is "sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." 17 U.S.C. § 101.

Barton alleges that he is a joint author of Management Software because he provided Tomlinson with information regarding "how the software would need to function, the fields it would have to show, the page layouts, the item locations, and how different fields and functions would flow and interact with each other to make the software usable." Barton Countercl. ¶ 10. Barton also claims that he jointly created and designed an arrangement of subroutines and modules for Management Software. Id. at ¶ 11. Lastly, Barton alleges that he designed the flow of Management Software, by identifying the data that needed to be input into the system, where in the flow of

Management Software should the data be inputted, and how the data needed to flow through Management Software. Id. at ¶ 12.

In their motion to dismiss, plaintiffs contend that Barton's allegations do not establish co-authorship. According to the plaintiffs, Barton did not produce a tangible expression protected by the Copyright Act because he did not create Management Software's source code. Instead, plaintiffs claim, that Barton only alleges to providing ideas and direction to Tomlinson.

The Court finds that the plaintiffs' motion to dismiss is premature. Authorship is generally a question of fact and is not appropriate for determination on a motion to dismiss. See S.O.S. Inc., v. Payday Inc, 886 F.2d 1081, 1086 (9th Cir. 1989); Bighorn Capital, Inc, v. 1000 SMA, LLC., 2006 WL 897747 (N.D.Ill. 2006)("The authorship of the document, and the extent of Defendant's participation on the drafting, are likewise questions of fact and not appropriate for determination on a motion to dismiss"). By their motion, plaintiffs are essentially asking the Court to determine whether the conduct alleged in Barton's counterclaim amounts to a tangible expression of an idea or just an idea. This inquiry would require the Court to examine Barton's contributions and to determine whether they qualify as tangible and as expressions under the Copyright Act. The Court cannot make this determination on the face of the complaint, as required in a motion to dismiss.

Furthermore, the Court finds that Barton's counterclaim meets the pleading requirements needed to survive a motion to dismiss. See Fed. R. Civ. P. 8(a). In the counterclaim, Barton states that: (1) he co-authored Management Software, (2) the functionality of the software was his sole idea an expression, and (3) that he was wrongfully excluded from the software's copyright registration. These allegations

sufficiently state a claim of relief under Fed. R. Civ. P. 12(b)(6). The fact that defendant Barton did not create Management Software's source code does not preclude him from authorship status nor does it prevent him from surviving a motion to dismiss. See Rouse v. Walter & Associates, LLC, 513 F. Supp.2d 1041, 1046-1055 (S.D. Iowa. 2007)(holding that authorship extends to non-literal elements of a computer program if the component in question qualifies as an expression of an idea, rather than an idea itself).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to dismiss defendant David Barton's counterclaim [Doc. # 60] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of March, 2011.