UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TWO PALMS SOFTWARE, INC. et al.,          )
                                          )
              Plaintiffs,                 )
                                          )
       vs.                                )        Case No. 4:10-cv-1045(CEJ)
                                          )
WORLDWIDE FREIGHT MANAGEMENT              )
LLC., et al.,                             )
              Defendants.                 )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motion for summary judgment on the counterclaim of defendant David Barton, pursuant to Fed.R.Civ.P.56(c).  Barton opposes the motion and the issues are fully briefed.

**I.  Background**

In 2000, Barton decided to establish defendant Worldwide Freight Management, LLC., a company that manages the manufacturing, transportation, and installation of furniture, fixtures, and equipment in new and renovated hotels.  During that time, Barton met with plaintiff Stuart Tomlinson to discuss the development of a software system for his new logistics business.  According to the amended counterclaim, Tomlinson "offered to assist in drafting and creating a computer software program (the "Management Software") to run the new business by preparing the code for a new software program."  Amd. Countercl. ¶ 5 [Doc. # 40].   The Management Software would be used to track Worldwide's shipping, identify purchase orders, and move items to the bills of lading.  Tomlinson also agreed to share an equal ownership interest in the program.

Over the course of a year, Barton met with Tomlinson numerous times to design Management Software.  Barton claims that he designed the details of the software's security, functionality and screen displays, including the screen colors and screen layouts.  Tomlinson, however, wrote the software's source code.  On September 17, 2007, Tomlinson obtained a copyright registration for the program solely in his name.

In the amended counterclaim Barton alleges that he jointly created Management Software and that he was wrongfully excluded as co-author in the software's copyright registration.  Barton's counterclaim seeks a declaration that he is a co-author of Management Software or an order requiring Tomlinson either to withdraw or amend his copyright in the program.  Plaintiffs move for summary judgment on the amended counterclaim, arguing that Barton has not presented any evidence showing that he made a independent copyrightable contribution to Management Software as required by the Copyright Act.

## II. **Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts.  AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Anderson v. Liberty

Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

### III. Discussion

The Copyright Act provides that a "copyright in a work…vests initially in the *author or authors* of a work." 17 U.S.C. §201(a). A joint work is defined as a "work prepared by two or more with the intention that their contributions be merged into inseperable or interdependent parts of a unitary whole." 17 U.S.C. § 101. In a joint work, the co-authors hold undivided interests in the work, and therefore, have the right to use, distribute, reproduce, or modify the work. 17 U.S.C. §201(a). The mere fact that two people collaborate to create a work does not make them joint authors. Woods v. Resnick, 725 F. Supp. 2d 809, 819 (W.D. Wis. 2010). Rather, to qualify as a joint author, a party must show that he and the other party (1) intended to create a joint work; and (2) each contributed independently copyrightable material. Id.

Computer programs are entitled to copyright protection under § 101 of the Copyright Act. General Universal Systems, Inc. v. Lee, 379 F.3d 131, 142 (5th Cir.2004); see Hutchins v. Zoll Medical Corp., 492 F.3d 1377, 1383 (Fed.Cir.2007) ("The Copyright Act provides protection against unauthorized copying of computer

programs, defined in 17 U.S.C. § 101 as 'a set of statements or instructions to be used directly or indirectly in a computer in order to bring about a certain result.'"). Copyright protection extends to the 'literal' and 'non-literal' elements of a software program. See Whelan Associates, Inc v. Jaslow Dental Laboratory Inc., 609 F.Supp. 1307, 1318-1319 (E.D. Pa. 1985); see O.P. Solutions, Inc. v. Intellectual Property Network, Ltd., 1999 WL 47191, at *6 (S.D.N.Y.1999) ("[L]iability will attach where the 'fundamental essence or structure' of one work is duplicated in another, even if the so-called 'literal' elements of the work are not similar.") (quoting Computer Associates Int'l, Inc. v. Altai, Inc., 982 F.2d 693, 701 (2d Cir.1992)). Literal components include source codes and object codes. Non-literal components include the software's function, structure, sequence, organization, and the user interface. AtPac, Inc. v. Aptitude Solutions, Inc., 787 F. Supp. 2d 1108,1114 (E.D.Cal. 2011). "Whether the 'non-literal' components of a computer program is protected by the Copyright Act depends on whether the components qualify as an expression of an idea, rather than an idea itself." Johnson Controls, Inc. v. Phoenix Control Systems, Inc., 886 F.2d 1173, 1175 (9th Cir.1989) (citing Harper & Row Publishers, Inc. v. Nation Enterprises., 471 U.S. 539, 547, 105 S.Ct. 2218, 85 L.Ed.2d 588 (1985)).

Barton claims that he made the following 'non-literal' contributions to Management Software:

1.   designed the screens included in the software, including the screen colors and screen layouts;

2.   designed all of the reports included in the software;

3.   designed the details of the software's functionality;

4.   identified each option available on the screen displays, including under the "User Administration" page;

5.      identified the type of security needed for customers and users;

6.      designed the information that appears in dropdown boxes;

7.      identified each modules listed on the "Module Access" page;

8.      defined lists and fields;

9.      designed the "look and feel" of the screens;

10.      designed the flow of the software;

11.      designed the appearance of the results screens.

(Doc. #145-1, p.4)

Plaintiffs contend that Barton's 'non-literal' contributions are not protected by the Copyright Act because the contributions merely amount to ideas, rather than expressions of an idea.  It is well established that copyright protection does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery.  Ashton-Tate Corp. v Rose, 728 F. Supp 597, 601 (N.D. Cal, 1989).  To be an author, one must supply more than direction or ideas: one must "translate an idea into a fixed, tangible expression entitled to copyright protection."  Id. (citing Community for Creative Non-Violence v. Reid, 490 U.S. 730 (1989)).  The Copyright Act provides that a work is "fixed" in a tangible medium of expression when its embodiment is "sufficiently permanent or stable to permit it to be perceived, reproduced, or otherwise communicated for a period of more than transitory duration." 17 U.S.C. § 101.

Barton argues that he provided more than just ideas and direction.  He claims that his 'non-literal' contributions constitute tangible expressions because they were integrated into Management Software.  According to Barton, his design of the software's screens, functionality, flow, and security needs were included in the final

5

version of Management Software. (Doc. #145-1).  Even if these allegations are true, copyright protection does not extend to contributions merely because they were integrated into the final work.  See Ashton, 728 F. Supp at 601-602.  The Copyright Act seeks to protect contributions that were translated into a tangible medium subject to copyright protection and then merged into inseparable or interdependent parts of a unitary whole.  Id.  In other words, a party cannot establish co-authorship by showing that the work itself is in a tangible medium, instead the party must show that his contributions were translated into a tangible medium and then merged into a unitary whole.  Therefore, Barton's argument that his contributions are fixed in a tangible medium simply because they were integrated into Management Software is unavailing.

Barton next argues that his ideas are fixed in a tangible medium because he wrote down his ideas in notes, outlines and diagrams.  Because Barton did not retain copies of the notes, it cannot be determined whether Barton's contributions qualify as expressions or if they were merged into Management Software.  Nevertheless, even if Barton's notes constitute a tangible medium, the Court finds that there is no genuine issue of material fact as to whether Barton contributed copyrightable material.  The Copyright Act only protects contributions that represent original expressions.  See Woods, 725 F. Supp 2d at 821-822; Ashton, 728 F. Supp at 602.  There is no evidence that Barton's contributions are original.  Barton does not  differentiate his ideas from other ideas in the marketplace.  Barton only states that his contributions were designed to satisfy the unique needs of his business, and therefore, "present original expressions."  (Doc.#143, p.14).  A party cannot prevail at the summary judgment phase by making such conclusory assertions.  Woods, 725 F. Supp 2d. at 821-822.

6

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for summary judgment [Doc # 121] is **granted**.

Upon conclusion of this case, judgment will be entered in favor of plaintiff Stuart Tomlinson on the amended counterclaim for declaratory relief [Doc. # 40] filed by defendant David Barton.


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 26th day of June, 2012.