UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TWO PALMS SOFTWARE, INC., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 4:10-CV-1045(CEJ) |
| | ) | |
| | ) | |
| WORLDWIDE FREIGHT MANAGEMENT | ) | |
| LLC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motion for summary judgment, pursuant to Fed. R. Civ. P. 56(c). Plaintiffs oppose the motion and the issues are fully briefed.

### I. Background

In 2001, plaintiff Stuart Tomlinson entered into an agreement with defendant David Barton to develop "Management Software," a internet-based computer software system designed for Barton's freight and storage management business. Tomlinson and Barton also agreed to form plaintiff Two Palms Software, Inc., a company that develops Management Software for end users. Between 2002 and 2004, defendants Worldwide Freight Management, LLC., Air One Worldwide Logistics Services, LLC., and Interstate Logistics, LLC., entered into agreements with plaintiffs to use Management Software in exchange for paying subscription and enhancement fees.

In February 2007, the defendants failed to pay their subscription and enhancement fees. Shortly thereafter, Tomlinson allegedly discovered that the defendants had continued to use a modified version of Management Software without authorization and without payment to plaintiffs. Plaintiffs allege that the defendants

were able to modify Management Software by copying the program from Barton's server and then placing it on a separate server that could not be accessed by plaintiffs.

On August 6, 2010, plaintiffs filed a ten-count amended complaint against Barton, Worldwide, Air One, Interstate, and their founders, John Hickey, Chris Margiotta, and James Wheelehon.  The claims that remain pending before the Court are breach of fiduciary duty (Count II), breach of contract (Count VII), copyright infringement (Count VIII),violation of the Missouri Uniform Trade Secrets Act, Mo. Rev. Stat. § 537.525 (Count IX), and violation of the Missouri Computer Tampering Act (MCTA), Mo. Rev. Stat. § 417.450,et seq. (Count X).[1]

The defendants move for summary judgment on Count X, pursuant to Fed. R. Civ. P. 56(c); asserting that plaintiffs cannot establish a claim under the MCTA.

**II. Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Anderson v. Liberty

---

[1]Plaintiffs' claims of conversion (Count III), conspiracy (Count IV), tortious interference (Count V), and unjust enrichment (Count VI), were dismissed by the Court in an Order entered into on February 18, 2011.  (Doc. #83).

Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio
Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c).  Once the moving party has
met its burden, the non-moving party may not rest on the allegations of his pleadings
but must set forth specific facts, by affidavit or other evidence, showing that a genuine
issue of material fact exists.  Fed. R. Civ. P. 56(e).  Rule 56(c) "mandates the entry of
summary judgment, after adequate time for discovery and upon motion, against a
party who fails to make a showing sufficient to establish the existence of an element
essential to that party's case, and on which that party will bear the burden of proof at
trial."  Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

### III. Discussion

In Count X, plaintiffs allege that the defendants tampered with Management
Software in violation of the MCTA.  The relevant provisions of the MCTA state in part:

> In addition to any other civil remedy available, the owner or lessee of the
> computer system, computer network, computer program, computer
> service or data may bring a civil action against any person who violates
> sections 569.095 to 569.099, RSMo, for compensatory damages ....

Mo. Rev. Stat. § 537.525.1.

Section 569.095 in turn provides:

> A person commits the crime of tampering with computer data if he
> knowingly and without authorization or without reasonable grounds to
> believe he has such authorization:
>
> (1) Modifies or destroys data or programs residing or existing internal
>      to a computer, computer system, or computer network; or
>
> (2) Modifies or destroys data or programs or supporting documentation
>      residing or existing external to a computer, computer system, or
>      computer network;
>
> (3) Discloses or takes data, programs, or supporting documentation, residing
>      or existing internal or external to a computer, computer system, or
>      computer network;

(4) Discloses or takes a password, identifying code, personal identification number, or other confidential information about a computer system or network that is intended to or does control access to the computer system or network;

(5) Accesses a computer, a computer system, or a computer network, and intentionally examines information about another person;

(6) Receives, retains, uses, or discloses any data he knows or believes was obtained in violation of this subsection.

Section 569.099 provides:

A person commits the crime of tampering with computer users if he knowingly and without authorization or without reasonable grounds to believe that he has such authorization:

(1) Accesses or causes to be accessed any computer, computer system, or computer network; or

(2) Denies or causes the denial of computer system services to an authorized user of such computer system services, which, in whole or in part, is owned by, under contract to, or operated for, or on behalf of, or in conjunction with another.

Defendants contend that Barton cannot be held liable under the MCTA because he was authorized to access and download Management Software. Indeed, Barton was authorized to access Management Software and its source code. In 2006, Tomlinson provided Barton with Management Software's login information and downloading instructions. (Doc. # 144, p. 144-145). Tomlinson also installed the software's source code on Barton's computer several times. (Doc. # 144, p. 122). Plaintiffs concede that Barton was given access to Management Software. However, they argue that Barton's authorization was limited to using Management Software when he did not have internet access and when displaying the software to potential customers. Plaintiffs contend that Barton exceeded that authorization when he placed Management Software on a separate server and granted defendants Worldwide, Air One, and

4

Case: 4:10-cv-01045-CEJ Doc. #: 193 Filed: 07/11/12 Page: 5 of 7 PageID #: 3947

Interstate access to the program.[2]  Therefore, the issue before the Court is not whether Barton was authorized to access Management Software; but whether Barton was authorized to move the software to a server and cause it to be accessed by the defendants.  See §569.099.

     Plaintiffs argue that Tomlinson did not give Barton authority to move the software to another server for use by defendants Worldwide, Air One, and Interstate. Defendants, however, contend that Tomlinson knew that the program would be placed on another server when he provided Barton access to the program.  To support their argument, defendants cite to plaintiffs' statements of material facts and to an email Tomlinson sent Barton providing instructions on downloading Management Software. (Docs. #148, p. 24; #140-2).  Neither document suggests that Tomlinson was aware that Barton would place Management Software on a separate server nor gave Barton the authority to do so.  Thus, a reasonable jury could find that Barton did not have authorization to cause Management Software to be accessed by the defendants.

     However, the Court finds that plaintiffs cannot establish a MCTA claim against defendants Worldwide, Air One, Interstate, John Hickey, Chris Margiotta, and James Wheelehon.  Plaintiffs claim that these defendants violated the MCTA by making slight changes to Management Software's source code, copying the software, and then placing it on a separate server.  (Doc. # 147, p. 10).  This claim is not qualitatively different from a copyright infringement claim, and therefore, is preempted by the

_____

[2]In response, defendants argue that the MCTA only prohibits unauthorized access to computer data and does not protect against subsequent misconduct of computer data once it has been accessed. The plain language of the MCTA does not suggest that it only applies to unauthorized access of computer data.  Section 569.095 prohibits persons from modifying, retaining, destroying, taking, and disclosing computer data, all of which can occur after computer data has been accessed.

Copyright Act.  Plaintiffs also allege that the defendants denied Tomlinson access to Management Software by making unauthorized security changes to the program. Plaintiffs, however, fail to bring forth any evidence supporting this allegation.  Plaintiffs rely only on Tomlinson's deposition testimony, in which he states that he was denied access to defendants' version of Management Software when attempting to log in to the defendants' server.  (Doc. #134, p. 141).  This statement, by itself, does not establish that the defendants made security changes to deny Tomlinson access to Management Software.  It merely shows that Tomlinson could not log in to access the defendants' server.

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motion for summary judgment [Doc. # 131] is **denied as to defendant David Barton**.

**IT IS FURTHER ORDERED** that defendants' motion for summary judgment is **granted as to defendants Worldwide Freight Management, LLC., Air One Worldwide Logistics Services, Interstate Logistics, LLC., John Hickey, Chris Margiotta, and James Wheelehon on Count X of the amended complaint**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of July, 2012.

- 6 -