UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TWO PALMS SOFTWARE, INC. et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) Case No. 4:10-CV-1045 (CEJ) ) |
| WORLDWIDE FREIGHT MANAGEMENT LLC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiffs' objections to the bill of costs filed by defendants Interstate Logistics, LLC and James Wheelehon

Plaintiffs object to defendants' motion for bill of costs on several grounds. First, plaintiffs argue that both plaintiffs and defendants are prevailing parties for purposes of Fed.R.Civ.P. 54(d), because although plaintiffs lost at trial, defendants' counterclaims were voluntarily dismissed with prejudice. Second, plaintiffs argue that defendants acted in bad faith during the course of the litigation. Third, plaintiffs suggest that defendants should be denied costs because the case was both "difficult" and "close." Fourth, plaintiffs state that an award of costs would cause substantial financial hardship to plaintiff Tomlinson. Finally, plaintiffs claim that some categories of costs requested by defendants are not taxable under 28 U.S.C. § 1920.

### I. Legal Standard

Federal Rule of Civil Procedure 54(d) grants district courts "a sound discretion" over awards of costs. 10 Wright, Miller & Kane, Fed. Practice and Procedure §2668 (3d ed.); Little Rock Cardiology Clinic PA v. Baptist Health, 591 F.3d 591, 601 (8th Cir. 2009) ("District courts have broad discretion over the award of costs to the prevailing party…"). The presumption under Rule 54(d) is that the prevailing party is entitled

to costs. Bathke v. Casey's Gen. Stores, Inc., 64 F.3d 340, 347 (8th Cir.1995). Under 28 U.S.C. § 1920, the Court may tax costs for, among other things, the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; and (4) fees for exemplification and copies of any materials where the copies are necessarily obtained for use in the case.

## II. Discussion

### A. Prevailing Party

Plaintiffs argue that both they and defendants are prevailing parties, and therefore defendants should not be awarded costs. While defendants prevailed at trial, plaintiffs prevailed when defendants agreed to dismiss the counterclaims with prejudice.[1] However, in complicated cases in which both parties experienced varying degrees of victory or defeat, courts look to the *degree* to which each party prevailed. See 10 Wright, Miller & Kane, Fed. Practice and Procedure §2667 (3d ed.) ("a successful counterclaimant generally will be considered the prevailing party when plaintiff… is awarded less than defendant receives on the counterclaim."). When defendants do not prevail on counterclaims, but successfully defend against a large claim, defendants may be considered the "prevailing parties" within the meaning of the Rule. Scientific Holding Co., Ltd. v. Plessey, Inc., 510 F.2d 15, 28 (2nd Cir. 1974) ("District courts have held that a defendant who successfully fends off a large claim may be awarded costs despite failure to prevail on a counterclaim."). As prevailing parties, defendants are entitled to costs.

---

[1] This argument cannot apply to defendant Wheelehon, who did not assert any counterclaims against plaintiffs.

### B. Bad Faith

Plaintiffs argue that defendants acted in bad faith when they raised the affirmative defense of "work for hire" shortly before trial. Defendants explain that the delay in asserting this issue was due to the acquisition of new information from plaintiff Tomlinson. The Court finds that defendants did not act in bad faith.

### C. Close and Complex Case

Plaintiffs next claim that, because this was a difficult and complicated case brought in good faith, the Court should deny defendants costs. The Court does not deny that the factual and legal issues in this case were complicated. However, this is not enough to overcome presumption that costs should be taxed. "Indeed, courts routinely tax costs in 'close' cases." E.E.O.C. v. Hibbing Taconite Co., 2010 WL 4237318, at *1 (D. Minn. 2010).

### D. Financial Hardship

Plaintiff Tomlinson provided the Court with an affidavit detailing his finances. He argues that taxing costs against him would force him into bankruptcy. Defendants respond that plaintiffs' lawsuit caused the *defendants* to suffer hardship. Defendants also remind the Court that the assets of Two Palms Software and the Management Software were not discussed in plaintiffs' opposition to the motion for bill of costs.

The Court has considered Tomlinson's finances, but again finds plaintiffs' argument insufficient to overcome the presumption that costs should be taxed. Defendants have requested an amount of $3,450.59, a sum not likely to severely exacerbate Tomlinson's troubles. Costs should be taxed in this case.

### E. Categories of Costs Not Recoverable under 28 U.S.C. § 1920

Plaintiffs object to two categories of costs requested by the defendants. First, plaintiffs take issue with defendants' request for costs of courier service, totaling

$40.00. The Court agrees that, under § 1920 and Eighth Circuit precedent, delivery costs of depositions and transcripts are not taxable. E.g., Smith v. Tenet Healthsystem SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). Therefore, the Court will not tax those expenses against the plaintiffs.

Second, plaintiffs challenge the discovery-related copying expenses. Title 28 U.S.C. § 1920(4) provides for reimbursement of fees for exemplification and copies "*necessarily obtained for use in the case*" (emphasis added). Some district courts have adopted a narrow definition of "necessary," and only allow costs for copies actually used in the courtroom during trial. See Little Rock Cardiology Clinic PA v. Baptist Health, 591 F.3d 591, 602 (8th Cir. 2009) (collecting cases applying this narrow view). On the other hand, "there are cases suggesting that a district court may tax costs of discovery-related expenses." Id. (citing Slagenweit v. Slagenweit, 63 F.3d 719, 721 (8th Cir. 1995) (per curiam)). In this case, the disputed expenses are for copies of exhibits used in the deposition of plaintiffs' expert, and copies produced by defendants for plaintiffs during discovery. It is the judgment of this Court that these copies were "necessarily obtained for use in the case" within the meaning of the statute.

III. Conclusion

The Court has reviewed the bill of costs, and finds all the listed expenses taxable *except* the $40.00 for UPS and courier services.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall tax costs in favor of defendants Interstate Logistics, LLC and James Wheelehon and against plaintiffs in the amount of $3,410.59.

                                                                                         _____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 18th day of December, 2012.